# IN THE SUPREME COURT OF TENNESSEE
# AT NASHVILLE

**IN RE: BRIAN PHILLIP MANOOKIAN, BPR #026455**
An Attorney Licensed to Practice Law in Tennessee
(Davidson County)

No. _____

BOPR No. 2018-2914-5-WM-12.3

## PETITION FOR TEMPORARY SUSPENSION

Comes now the Board of Professional Responsibility of the Supreme Court of Tennessee (Board), by and through Disciplinary Counsel, pursuant to Tenn. Sup. Ct. R. 9, § 12.3, and petitions this Court for the temporary suspension of Brian Phillip Manookian, an attorney licensed to practice law in this state, showing as follows:

1. Brian Phillip Manookian is an attorney licensed to practice law in the State of Tennessee whose office address as registered with the Board of Professional Responsibility is 45 Music Square West, Nashville, Tennessee 37203-3205, being in Davidson County and Disciplinary District V.

2. Brian Phillip Manookian poses a threat of substantial harm to the public as detailed by the exhibits attached hereto. The exhibits attest to the following:

3. Mr. Manookian represented a defendant in a suit filed in the Circuit Court for Williamson County, *Chase v. Stewart, et al*. On July 20, 2018, in regard to a motion for sanctions against Mr. Manookian, Judge Michael Binkley entered a Memorandum and Order, a copy of which is attached hereto as <u>Exhibit 1</u>. In <u>Exhibit 1</u>, Judge Binkley found as follows:

> (1) "On March 7, 2016, Mr. Manookian, together with the assistance of Mr. Hammervold, executed a different strategy, and began what this Court can only describe as a knowing, willful, and intentional course of conduct to deceive and defraud this Court in order to avoid punishment for their actions and to gain personal advantage in this case and the *King v. Chase* lawsuit." (page 26)

> (2) "Instead, Mr. Manookian submitted to this Court the only people he had disclosed the confidential information to were with the three attorneys

**EXHIBIT 2**

Case 3:19-cv-00350   Document 24-2   Filed 06/11/19   Page 1 of 6 PageID #: 169

mentioned above and law enforcement. However, as will be thoroughly examined below, this was a complete and blatant lie made under oath (with the penalty of perjury), which is evident by Mr. Manookian's subsequent admission to this Court at the evidentiary hearing on September 23, 2016, that <u>he did release the confidential information to the news media</u>." (pages 29-30)

(3) "After the conclusion of the proof in this matter and ample time to thoroughly examine the evidence, the Court has been utterly dumbfounded by Mr. Manookian's willingness to attempt to mislead the Court from uncovering his violations of the Court's Orders by any means necessary, and even go so far, as he did here, to claim the Non-Parties' *Petitions* were merely 'rank unsupported hypothesizing' when he very well knew he was the one who released the information to the news media." (page 31)

(4) "This type of manipulative and unethical conduct is extremely concerning to this Court from a member of the Bar who clearly uses the rules of this Court to game the legal system in an intolerable manner over and over again." (page 62)

(5) "After reviewing the entire record, Mr. Manookian's dishonest and deceitful conduct throughout this case, in looking back on all the examples of his ongoing and continuing fraud against this Court, his chronic dishonesty and lying under oath, this Court now has no doubt whatsoever Mr. Manookian does not deserve the benefit of the doubt as to his dishonest and fraudulent ongoing behavior in this Court." (page 63)

(6) "Therefore, based upon the above analysis, the Court finds Mr. Manookian totally lacked credibility in this Court during the evidentiary hearing of this case by his continuing knowing, willful, and intentional misrepresentations to the Court throughout this lawsuit, his refusing to disclose the truth of all matters involving his obstructionist conduct and fraud, and his testimony, all of which shall be given the appropriate weight in accordance with this determination, It is clear from all the evidence cited Mr. Manookian cannot be believed under oath and Mr. Manookian's sworn oath to tell the truth while he is under oath means nothing to him. In addition, it is clear Mr. Manookian's giving 'his word' to his fellow lawyers means nothing, and he has no problem being deceitful and dishonest to his fellow lawyers. In addition, Mr. Manookian has no qualms about lying to judges on material issues." (pages 63-64)

(7) "For the above reasons, the Court finds Mr. Manookian in civil contempt for knowingly, willfully, and intentionally violating the Court's Order of November 6, 2015 on seven separate occasions." (page 116)

(8) Judge Binkley awarded sanctions against Mr. Manookian in the amount of $622,696.12. (page 118)

4. Mr. Manookian represents the plaintiff in a suit filed in the Circuit Court of Davidson County, *Shao v. HCA*, et al. Attorney Michael Geracioti initially represented two defendants, Dr. Smith and Middle Tennessee Pulmonary Associates, PLLC. Mr. Geracioti died unexpectedly on March 16, 2017. On the very same day as Mr. Geracioti's death, Mr. Manookian filed a motion for default against his clients. On April 24, 2017, Judge Thomas Brothers entered an Order denying the motion for default, a copy of which is attached hereto as Exhibit 2. At page 3 of Exhibit 2, Judge Brothers stated, "Being a zealous advocate does not mean that one abandons all sense of professionalism, courtesy and common decency. It is clear that counsel for plaintiff was attempting to gain a tactical advantage by aggressively pursuing the claim for default on the very day of Mr. Geracioti's death…It is with regret that this Court must reprimand all of plaintiff's counsel for conduct that is unbecoming members of the Bar and officers of the court. Hopefully counsel will apply this constructively and thereby avoid such reprehensible behavior in the future."

5. On Saturday, August 19, 2017, at 9:29 p.m., Mr. Manookian sent an email to Attorney C. J. Gideon, attorney for HCA in *Shao*. In that email, Mr. Manookian said:

"Clarence-

I hear [Mr. Gideon's daughter] is working at [employer's name redacted]. What a fantastic opportunity; particularly given her history of academic failure and alcohol and substance abuse.

I happen to have some very close friends at [employer's name redacted]. I will make it a point to see what I can do regarding her prospects there.

I am reminded that it is good for us to keep apprised of each other's lives and the things we can do to influence them."

As a result of the email, Mr. Gideon filed a motion for sanctions. On September 28, 2018, Judge Brothers entered an Order ruling on the motion for sanctions, a copy of which is attached hereto as Exhibit 3. At page 3 of Exhibit 3, Judge Brothers found, "While Mr. Manookian claims otherwise, the Court finds the subject email can only be construed as a threat against the livelihood of Mr. Gideon's child…It can also be viewed as a blatant act of attempted intimidation meant to secure some tactical advantage over opposing counsel." Judge Brothers went on to rule at page 6, "The Court hereby expressly forbids Mr.

3

Manookian from making any communication to counsel in this case that threatens, insults, disparages, demeans, or embarrasses them and/or their family members."

6. Attorney Phillip North represented Mr. Geracioti's clients in *Shao* subsequent to his death. Despite Judge Brothers forbidding Mr. Manookian from making any threatening or embarrassing communication with counsel in the *Shao* case, on Saturday, August 4, 2018, at 12:41 p.m., Mr. Manookian wrote an email to Mr. North, attached as Exhibit 4, and copied nineteen (19) other attorneys. Under a subject heading with the *Shao* caption, Mr. Manookian wrote to Mr. North:

> I see that my email and attachments are being repeatedly opened at the IP address associated with the consumer Comcast cable account for 109 Menees Lane, Madison, Tennessee.
>
> That address is the residential property where you have consistently lived with your parents (other than for a brief period of time from 1984-1986 where you rented unit 602 at the Capitol Towers on Gay Street) until the North Family Trust essentially gifted you the property for $10.00. Upon investigation, this gifted piece of property in North Nashville, given to you for $10 by your parents, represents the sole piece of real property you own at 68 years of age.
>
> Further confirming that you have read my email, records additionally reflect that Mona Dale Cornwell North -- the woman for whom you left your wife and two minor daughters (Nicki and Neely) -- has registered a Jeep Grand Cherokee (VIN: 1C4RJFLG4JC274818, TN License Plate E66307) at the same address your parents gave you and where my email is being viewed.
>
> Please simply reply and confirm your brother Steve North's voice.

7. Mr. Manookian was a defendant in a suit filed in the United States District Court for the Eastern District of Texas, *Diamond Consortium, Inc., and David Blank v. Brian Manookian, et al*. On August 3, 2017, in regard to a motion for sanctions against Mr. Manookian, Magistrate Judge Kimberly C. Priest Johnson entered an Opinion and Order Regarding Sanctions, a copy of which is attached as Exhibit 5. In Exhibit 5, Magistrate Johnson found as follows:

> (1) "The Court thus finds Manookian's conduct constitutes fraud and an abuse of the judicial process." (page 21)
>
> (2) "Thus Defendants' actions appear to be deliberately calculated to conceal information from the Court." (page 22)

4

(3) "Throughout these proceedings, Manookian has feigned adherence to ethical rules, while seemingly using those same ethical rules as a pretense to thwart the Court's efforts to make a thorough and informed inquiry." (page 23)

(4) "Accordingly, the Court finds the Defendants' bad faith behavior constitutes an abuse of the judicial process that warrants the imposition of sanctions under the Court's inherent powers." (page 27)

8. On March 20, 2013, Nashville Armory, LLC, and Gary Semanchik filed a Verified Complaint for Expulsion from Limited Liability Company by Judicial Determination and Petition for Temporary Restraining Order against Mr. Manookian in the Chancery Court for Davidson County, a copy of which is attached hereto as Exhibit 6. The complaint alleged that Mr. Manookian engaged in erratic behavior causing Mr. Semanchik to fear for his safety. On August 3, 2016, the Chancery Court entered an Order Supplementing Final Order and Granting Plaintiff's Motion for Permanent Injunction against Defendant Brian Manookian permanently enjoining Mr. Manookian from entering the residence of Mr. Semanchik or the premises of Nashville Armory, LLC. A copy of the Order is attached hereto as Exhibit 7.

9. On December 14, 2012, Elizabeth Gail Whaley filed a Complaint for Divorce or in the Alternative Annulment in the Circuit Court for Davidson County against Mr. Manookian. On July 1, 2014, the Circuit Court entered a Memorandum Opinion and Final Decree of Divorce, a copy of which is attached hereto as Exhibit 8. At page 12 of Exhibit 7, the court found that Mr. Manookian physically assaulted Ms. Whaley on numerous occasions.

10. On August 16, 2004, David Binkley filed a Verified Complaint, on August 18, 2004, a Motion for Restraining Order, and on August 20, 2004, an Amended Complaint against Mr. Manookian in the Chancery Court for Davidson County, copies of which are attached hereto as Collective Exhibit 9. Mr. Binkley alleged that Mr. Manookian attacked him violently on two occasions. The case was transferred to the Circuit Court for Davidson County where an agreed permanent injunction was entered prohibiting Mr. Manookian from contacting, calling, communicating, harassing, threatening, abusing, harming, coming into contact, interfering, or coming into proximity of Mr. Binkley. A copy of the Agreed Permanent Injunction and Order of Dismissal is attached hereto as Exhibit 10.

11. The message Mr. Manookian conveyed to Mr. North in Exhibit 4 is, "I know where you live, I know the car your wife drives and I know the names of your children." There is no way for Exhibit 4 to be perceived other than as a personal threat. Standing alone, such conduct is reprehensible. Taken in context, it poses a threat of substantial harm. The preceding paragraphs demonstrate that Mr. Manookian has engaged in a pattern of bullying, intimidating and otherwise improper conduct in the practice of law. Such a pattern

5

must be seen in light of Mr. Manookian's history of physical violence as demonstrated herein. Because of that history of physical violence, Mr. Manookian's threats cannot be taken as "idle." Rather, his threats must be taken seriously. Neither Mr. North, nor any other attorney or litigant, should have to endure such threats from an adversary with a history of violence. As set forth herein, Mr. Manookian has demonstrated that he is totally unfit to practice law and poses a threat of substantial harm to the public. A previous court order forbidding Mr. Manookian from engaging in abusive conduct toward his adversaries had no effect. To prevent future litigants and attorneys from being exposed to Mr. Manookian's abusive conduct, he must be temporarily suspended.

12. Authorization was received from the Chair of the Board of Professional Responsibility to file this Petition for Temporary Suspension on September 19, 2018.

WHEREFORE, premises considered, the Board of Professional Responsibility, by and through Disciplinary Counsel, prays for an Order from the Supreme Court for the immediate suspension of Brian Phillip Manookian from the practice of law in this State pursuant to Tenn. Sup. Ct. R. 9, § 12.3, because he poses a threat of substantial harm to the public.

Respectfully submitted,

*William Moody By SG with permission*
William C. Moody, BPR #6752
Disciplinary Counsel - Litigation
Board of Professional Responsibility
10 Cadillac Drive, Suite 220
Brentwood, TN 37027
(615) 361-7500

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been sent to the Respondent, Brian Phillip Manookian, by First Class U.S. Mail and by Certified Mail, Return Receipt Requested, No. 7015 0640 0006 6863 0031, addressed to him at 45 Music Square West, Nashville, Tennessee 37203-3205, on this the __19th__ day of September, 2018.

*William Moody By SG with permission*
William C. Moody

6