IN DISCIPLINARY DISTRICT V
OF THE
BOARD OF PROFESSIONAL RESPONSIBILITY
OF THE
SUPREME COURT OF TENNESSEE

IN RE: BRIAN PHILIP MANOOKIAN, DOCKET NO. 2017-2805-5-WM
BPR# 26455, Respondent,
An Attorney Licensed to
Practice Law in Tennessee
(Davidson County)

## PETITION FOR DISCIPLINE

Comes now the Petitioner, the Board of Professional Responsibility of the Supreme Court of Tennessee, by and through Disciplinary Counsel, pursuant to Rule 9 of the Rules of the Supreme Court, and files this Petition for Discipline against Brian Philip Manookian.

1. The Respondent, Brian Philip Manookian, is an attorney admitted by the Supreme Court of Tennessee to practice law in the State of Tennessee in 2007. The Respondent's most recent primary/office address as registered with the Board of Professional Responsibility is 45 Music Square West, Nashville, Tennessee 37203-3205. The Respondent's Board of Professional Responsibility number is 26455.

2. Pursuant to Tenn. Sup. Ct. R. 9, § 8.1, any attorney admitted to practice law in Tennessee is subject to the disciplinary jurisdiction of the Supreme Court, the Board of Professional Responsibility, the Hearing Committee, hereinafter established, and the Circuit and Chancery Courts.

3. Pursuant to Tenn. Sup. Ct. R. 9, § 1, the license to practice law in this state is a privilege and it is the duty of every recipient of that privilege to conduct himself at all times in conformity with the standards imposed upon members of the bar as conditions for the privilege to practice law. Acts or omissions by an attorney which violate the Rules of Professional Conduct

**EXHIBIT 18**

of the State of Tennessee shall constitute misconduct and be grounds for discipline.

4. Mr. Manookian has failed to conduct himself in conformity with said standards and is guilty of acts and omissions in violations of the authority cited. The Board of Professional Responsibility authorized the filing of formal charges on December 8, 2017.

### File No. 50943-5-ES – Complaint of Mary Layne Netherton

5. On January 15, 2017, the Board of Professional Responsibility received a complaint of misconduct from Mary Layne Netherton alleging ethical misconduct by Mr. Manookian. A true and exact copy of the complaint is attached hereto as Exhibit A.

6. On January 23, 2017, the Board sent a copy of the complaint to Mr. Manookian and requested a response within ten (10) days. A true and exact copy of the Board's letter is attached hereto as Exhibit B.

7. Mr. Manookian provided a response to the complaint on February 13, 2017. A true and exact copy of the response is attached hereto as Exhibit C.

8. Mr. Manookian provided an additional response to the complaint on November 15, 2017. A true and exact copy of the response is attached hereto as Exhibit D.

9. Mr. Manookian represented Genesis Diamonds in relation to a dispute between it and Ms. Netherton.

10. On or about January 4, 2017, Ms. Netherton expressed her intention to sue Genesis Diamonds.

11. Attached hereto as Exhibit E is a true and exact copy of an email written by Mr. Manookian to Ms. Netherton on January 4, 2017 at 3:12 p.m.

12. Attached hereto as Exhibit F is a true and exact copy of an email written by Mr. Manookian to Ms. Netherton on January 4, 2017 at 4:42 p.m.

13. Attached hereto as Exhibit G is a true and exact copy of an email written by Mr. Manookian to Aaron Jamison, with a copy to Craig Music, on January 4, 2017 at 5:45 p.m.

14. At all times material hereto, Mr. Jamison was the President, and Mr. Music was the Chief Operations and Construction Manager, of the Micah Group.

15. On January 4, 2017, Mr. Manookian believed Ms. Netherton to be an employee of the Micah Group.

16. On January 4, 2017, Mr. Manookian and his law firm were not trying to locate Ms. Netherton to serve her with a summons.

17. On January 4, 2017, Ms. Netherton was not a defendant in a lawsuit filed by Mr. Manookian and his law firm.

18. Mr. Manookian had no substantial purpose for sending Exhibit G to Mr. Jamison and Mr. Music other than to embarrass Ms. Netherton or burden her in what he thought to be her employment relationship.

19. By implying in Exhibit G that he had filed a lawsuit against Ms. Netherton, and was attempting to locate her in order to serve her with a summons, Mr. Manookian engaged in conduct involving dishonesty, deceit and/or misrepresentation.

20. By sending Exhibit G to Mr. Jamison and Mr. Music with no substantial purpose other than to embarrass Ms. Netherton or burden her in what he thought to be her employment relationship, Mr. Manookian violated RPC 4.4(a)(1) (Respect for the Rights of Third Persons).

21. By engaging in conduct involving dishonesty, deceit and/or misrepresentation, Mr. Manookian violated RPC 8.4(c) (Misconduct).

22. By his actions, Mr. Manookian has violated the following Rules of Professional Conduct: 4.4(a)(1) (Respect for the Rights of Third Persons) and 8.4(a) and (c) (Misconduct).

3

## ALLEGED VIOLATIONS

23. The acts and omissions by Mr. Manookian constitute ethical misconduct in violation of the relevant portions of Rules of Professional Conduct 4.4(a)(1) and 8.4(a) and (c):

### Rule 4.4(a)(1)
### RESPECT FOR THE RIGHTS OF THIRD PERSONS

(a) In representing a client, a lawyer shall not:

    (1) use means that have no substantial purpose other than to embarrass, delay, or burden a third person or knowingly use methods of obtaining evidence that violate the legal rights of such a person.

### Rule 8.4(a) and (c)
### MISCONDUCT

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

## AGGRAVATING FACTORS

24. After misconduct has been established, ABA Standards for Imposing Lawyer Sanctions, Section 9.2, provides for aggravating circumstances that may justify an increase in the degree of discipline to be imposed against him.

25. Mr. Manookian's prior disciplinary offenses are an aggravating circumstance justifying an increase in discipline to be imposed against him.

26. Mr. Manookian's dishonest or selfish motive is an aggravating circumstance justifying an increase in discipline to be imposed against him.

27. Mr. Manookian's substantial experience in the practice of law is an aggravating circumstance justifying an increase in discipline to be imposed against him.

4

## PRAYER FOR RELIEF

28. WHEREFORE, PETITIONER REQUESTS that a Hearing Panel be appointed to hear testimony and to receive evidence in this cause and to make such finding of fact and order such disciplinary action as it may deem appropriate.

Respectfully Submitted,

*[signature]*

William C. Moody, BPR No. 6752
Disciplinary Counsel--Litigation
10 Cadillac Drive, Suite 220
Brentwood, Tennessee 37027
(615) 361-7500

## NOTICE TO PLEAD

TO:  Brian Philip Manookian
     45 Music Square West
     Nashville, Tennessee 37203-3205

You are hereby notified that you are required to file your Answer with **Rita Webb, Executive Secretary, Board of Professional Responsibility, 10 Cadillac Drive, Suite 220, Brentwood, Tennessee 37027**, and serve a copy of your Answer upon Disciplinary Counsel within thirty (30) days after service of this Petition. If you fail to file an Answer, the allegations contained in the Petition for Discipline shall be deemed admitted and a default judgment taken.

### Certificate of Service

I certify that a copy of the foregoing has been sent to Respondent, Brian Philip Manookian, by First Class U.S. Mail and by Certified Mail, No. 7012 3460 0000 0392 8656, Return Receipt Requested, addressed to him at 45 Music Square West, Nashville, Tennessee 37203-3205, on this the 18 day of December, 2017.

*[signature]*

William C. Moody