# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BRIAN P. MANOOKIAN,<br><br>     *Plaintiff*,<br><br>vs.<br><br>FLOYD FLIPPIN et al.,<br><br>     *Defendants*. | Civil Action No. 3:19-cv-00350<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair Newbern |

## MOTION REQUESTING LEAVE TO FILE SURREPLY IN OPPOSITION TO MOTION OF ALL DEFENDANTS TO DISMISS COMPLAINT

Plaintiff Brian Manookian moves the Court to grant him leave to file a limited surreply to defendants' reply (Dkt. No. 31) regarding their motion to dismiss (Dkt. No. 23).

The surreply requests that the Court not consider certain impermissible factual assertions in defendants' reply because those assertions lie outside the four corners of the complaint. *Local 18 Int'l Union of Operating Eng'rs v. Ohio Contractors Ass'n*, 644 F. App'x 388, 392–93 (6th Cir. 2016) (citing *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009)) ("[F]acts outside the complaint's pleadings are not properly considered in a 12(b)(6) ruling.").

1

In particular, defendants' reply includes the three unsupported factual statements below attempting to exonerate certain unidentified defendants from involvement in the matters of which Mr. Manookian's lawsuit complains.

- Other than the chair of the Board, "[n]o other board member had any involvement with the initial temporary suspension." Dkt. No. 31 at 2.
- "Five of the named defendants had no involvement with the temporary suspension or consideration of the Petitions for Dissolution." *Id.* at 3.
- "The implication that the Tennessee Supreme Court acts irresponsibly at the behest of the Defendants, who, as demonstrated, were not even involved in the temporary suspension proceedings, should be completely disregarded." *Id.* at 3 n.1.

Because defendants first raised these assertions in their reply brief, Mr. Manookian has no avenue by which to respond adequately other than a surreply. *See Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) ("Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially 'when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'") (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)).

Pursuant to this Court's Local Rule 7.01, on November 19, 2019, David C. Codell, counsel for Mr. Manookian, conferred by email with Talmage M. Watts, counsel for all defendants, regarding the substance of this motion. On September 20, 2019, Mr. Watts informed Mr. Codell by email that defendants oppose the motion and the relief requested.

For the reasons stated above and in the accompanying memorandum, Mr. Manookian moves the Court for leave to file the simultaneously submitted surreply.

Respectfully submitted,

Date: September 20, 2019

/s/Aaron Gott
Aaron Gott

Jarod Bona (admitted *pro hac vice*)
Aaron Gott (admitted *pro hac vice*)
David C. Codell (admitted *pro hac vice*)
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
(858) 964-4589
jarod.bona@bonalawpc.com
aaron.gott@bonalawpc.com
david.codell@bonalawpc.com

*Counsel for Plaintiff*

Daniel Horwitz
Tennessee Bar No. 032176
1803 Broadway, Suite #531
Nashville, TN 37203
(615) 739-2888
daniel.a.horwitz@gmail.com

*Local Pro Bono
Counsel for Plaintiff* [1]

---

1. Any attorney's fee awarded to Mr. Manookian and earned by Mr. Horwitz shall be donated to the First Amendment Center.

## CERTIFICATE OF SERVICE

On the 20th of September 2019, I hereby certify that I caused a true and correct copy of the **Motion Requesting Leave to File Sur-Reply in Opposition to Motion of All Defendants to Dismiss Complaint** to be delivered via the Court's electronic filing system to all counsel who have consented to receive notice of filings in the above-captioned matter.

                                                        Gabriela Hamilton