IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BRIAN P. MANOOKIAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO: 3:19-cv-0350 |
| ) | |
| **FLOYD FLIPPIN**, in his official and ) | Judge William L. Campbell, Jr. |
| individual capacities; **DANA DYE**, in her ) | |
| official and individual capacities; **JOHN** ) | Magistrate Judge Alistair E. Newbern |
| **KITCH**, in his official and individual ) | |
| capacities; **JOE LOONEY**, in his official ) | |
| and individual capacities; **ODELL** ) | |
| **HORTON, JR.**, in his official and ) | |
| individual capacities; **RUTH ELLIS**, in ) | |
| her official and individual capacities; ) | |
| **JODY PICKINS**, in her official and ) | |
| individual capacities; **BRIDGET J.** ) | |
| **WILLHITE**, in her official and individual ) | |
| capacities; and **JIMMIE MILLER**, in her ) | |
| official and individual capacities, ) | |
| ) | |
| **Defendants.** ) | |

**MOTION OF ALL DEFENDANTS
FOR POSTPONEMENT OF PRODUCTION REQUIREMENT
OF RULE 26(a)(1)(A)(iv)**

All Defendants hereby request permission to postpone the requirement of Rule 26(a)(1)(A)(iv) to produce as a part of initial disclosures any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action until this Court has ruled upon the Motion of All Defendants to Dismiss Complaint [Doc. 23], which is based primarily on defenses of absolute and qualified immunities.

**Local Rule 7.01(a)(1) Statement**

Undersigned counsel, in compliance with Local Rule 7.01(a)(1), has conferred with opposing counsel about the relief requested in this motion. Opposing counsel objects to the relief requested herein but does not object to the filing of this motion.

**Background**

On June 11, 2019, all Defendants filed a Motion to Dismiss Complaint [Doc. 23], which is based primarily on defenses of absolute and qualified immunities. The Court has not yet ruled on that motion. On July 16, 2019, the Magistrate Judge entered the Initial Case Management Order [Doc. 32], which provides that "the parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within 30 days of the initial case management conference, by August 15, 2019." [Doc. 32, Page ID 423] The order further stayed all deadlines to respond to discovery pending resolution of Defendants' Motion to Dismiss. [*Id.* at Page ID 423-424]

The parties exchanged initial disclosures on August 15, 2019. Defendants addressed the requirement of Rule 26(a)(1)(A)(iv) to produce insurance agreements as follows: "Some defendants may have policies of insurance that would cover an individual damage award against them. Final determinations of coverages have not been made, and this partial disclosure will be supplemented if and when appropriate." Since August 15, 2019, every Defendant has determined that he or she is a named insured on a professional malpractice policy, or an umbrella liability policy, or both. One or more Defendants have notified their carrier(s). One or more Defendants have received an acknowledgement of a claim with a reservation of rights. One or more Defendants have elected not to notify their carrier. No carrier has acknowledged that its policy in fact provides coverage for all or part of the claims asserted in the Complaint.

In light of the stay of the requirement to respond to discovery pending a ruling on Defendants' Motion to Dismiss, undersigned counsel has asked opposing counsel to agree to postpone production of insurance agreements until the Court has ruled on the Motion to Dismiss. Opposing counsel has declined and has asked that Defendants seek relief from the Court.

**Argument and Request for Relief**

A requirement to produce documents as a part of initial disclosures places defendants under the same burden as a requirement to produce documents in response to a discovery request under Rule 34, to which Rule 26(a)(1)(A)(iv) expressly refers. Many courts, including this Court in the Initial Case Management Order, have recognized that defendants who have asserted immunities should be relieved of pretrial matters such as discovery until a determination of applicable immunities has been made. *See Mitchell v. Forsyth*, 472 U.S. 511, 525-27, 105 S.Ct. 2806, 2815-16 (1985)(internal citations omitted); *Brookings v. Clunk*, 389 F.3d 614, 616-17 (6th Cir. 2004); *GJR Investments, Inc. v. City of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998). Otherwise, one of the primary benefits of immunities defenses is lost, thereby disrupting government functions and discouraging other qualified individuals from serving in similar capacities. *Id.* The extent of insurance coverage for any of these Defendants is not relevant to Plaintiff's efforts to make an initial case for liability. Moreover, disclosure of such highly personal information is overly intrusive and unnecessary at this stage of the case, even if it were proceeding. This is precisely the type of information that should be exempt from disclosure while a dispositive motion to dismiss is pending. Otherwise, the protection afforded by these immunities is lost.

For the reasons stated Defendants request that they be relieved of the requirement to produce insurance agreements until after the Court has ruled on their Motion to Dismiss.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter


    s/Talmage M. Watts
TALMAGE M. WATTS (#015298)
Senior Assistant Attorney General
Attorney General's Office – Tax Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-6431 telephone
(615) 532-2571 fax
talmage.watts@ag.tn.gov

*Counsel for Defendants*


**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and exact copy of the foregoing Motion of All Defendants for Postponement of Production Requirement of Rule 26(a)1)(A)(iv) has been served on the persons listed below by means of this Court's electronic filing system:

| | |
|---|---|
| Daniel Horwitz (#032176) | Jarod Bona |
| 1803 Broadway, Suite #531 | Aaron Gott |
| Nashville, TN 37203 | BONA LAW PC |
| daniel.a.horwitz@gmail.com | 4275 Executive Square, Suite 200 |
| | La Jolla, CA 92037 |
| *Local Pro Bono Counsel for Plaintiff* | jarod.bona@bonalawpc.com |
| | aaron.gott@bonalawpc.com |
| | *Counsel for Plaintiff* |

on this the 16th day of October, 2019.

    s/Talmage M. Watts
TALMAGE M. WATTS
Senior Assistant Attorney General

4