IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN P. MANOOKIAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 3:19-cv-00350** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **FLOYD FLIPPIN et al.,** | ) | **MAGISTRATE JUDGE NEWBERN** |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. No. 44). Through the Motion, Plaintiff requests that the Court (1) declare Tennessee Supreme Court Rule 9, Section 12.3 unconstitutional; (2) restrain defendants from "again 'temporarily' suspending Mr. Manookian's law license without due process"; (3) order the defendants to provide him with an immediate final hearing on the merits, which shall be heard by impartial factfinder (i.e. not the two factfinders Mr. Manookian claims are biased) and shall require that the burden of proof at the hearing rests with the defendants; and (4) enjoin Defendants from retaliating against him for his protected First Amendment activity.

"Temporary restraining orders and preliminary injunctions are extraordinary remedies which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Ciavone v. McKee*, No. 1:08-cv-771, 2009 WL 2096281, at *1 (W.D. Mich. July 10, 2009) (citing *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) ). A temporary restraining order is an equitable remedy, the purpose of which is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). *See*

*also*, *Procter & Gamble Co. v. Bankers Trust Co*., 78 F.3d 219, 227 (6th Cir. 1996) (In determining whether to issue a temporary restraining order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g. Doe v. Univ. of Cincinnati*, 872 F.3d 393, 399 (6th Cir. 2017).

A proper consideration in the decision to grant preliminary injunctive relief is the good faith of the parties concerned. *See Great Lakes Consortium v. Michigan*, 2006 WL 3838233 at *3 (W.D. Mich., Dec. 29, 2006). The doctrine of unclean hands is based on the principle that "since equity tries to enforce good faith in defendants, it no less stringently demands the same good faith from the plaintiff." *Id*. (citing *Dunlop-McCullen v. Local 1-S, AFL-CIO-CLC,* 149 F.3d 85, 90 (2d Cir.1998)); *see also, J-Rich Clinic, Inc. v. Cosmedic Concepts, Inc.,* 98 F. App'x 444, 447 (6th Cir.2004).

Having reviewed Plaintiff's motion and memorandum in support (Doc. Nos. 44 and 44-1), the Court notes that Plaintiff's statement of the current procedural posture of his Board of Professional Responsibility disciplinary proceeding is inexplicably truncated. Plaintiff ends the discussion of the facts with the hearing panel issuing a report and recommendation recommending Plaintiff's temporary suspension from the practice of law be reinstated and, through the instant motion, asks this Court to restrain Defendants from suspending his law license. (Doc. No. 44 at 3). Plaintiff failed to disclose that the Supreme Court of Tennessee has since adopted the report and recommendation, thereby reinstating the temporary suspension of Plaintiffs law license. *See In re: Brian Phillip Manookian, BPR # 026455*, No. M2019-00630-

2

SC-BAR-BP (Tenn., Oct. 11, 2019) (available at www.tbpr.org).[1]  In its order, the court made a specific finding that "Mr. Manookian poses a threat of substantial harm to the public." *Id.*

Given that the Supreme Court of Tennessee has already reinstated the temporary suspension of Plaintiff's law license – a fact which Plaintiff omitted from his motion – the Court finds Plaintiffs likelihood of success on the merits on this portion of his request for injunctive relief to be low.  Indeed, the Court cannot restrain Defendants from doing what has already been done.  In addition, given the Supreme Court of Tennessee's specific finding that Plaintiff "poses a threat of substantial harm to the public," and Plaintiff's failure to address this finding in his motion, the Court finds that the balance of equities do not support granting a temporary retraining order.  The Plaintiff has not shown he will suffer immediate, irreparable harm such that it would be improper to wait until after a preliminary injunction hearing to consider the requested injunctive relief.

Defendants shall respond to Plaintiff's motion for a preliminary injunction within the time allowed by the Local Rules.  The hearing on Plaintiff's request for a preliminary injunction will be set by separate order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1]  The Court may take judicial notice of the state court decision.  *See* Fed. R. Evid. 201; *see also*, *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record." (citing *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)).

3