## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

BRIAN P. MANOOKIAN,

        *Plaintiff,*

    vs.

FLOYD FLIPPIN et al.,

        *Defendants.*

Civil Action No. 3:19-cv-00350

Judge William L. Campbell, Jr.

---

## MOTION FOR ENTRY OF JUDGMENT
## ON CERTAIN DISMISSED CLAIMS UNDER FED. R. CIV. P. 54(b)

---

Plaintiff Brian P. Manookian requests that this Court enter an order of judgment under Rule 54(b), Federal Rules of Civil Procedure, as to the claims it dismissed with prejudice in its February 28, 2020 order.

1.    On February 28, 2020, this Court entered an order dismissing four claims with prejudice and staying the remaining claims under *Younger v. Harris*:

> For the reasons stated in the accompanying memorandum, Defendants' Motion to Dismiss (Doc. No. 23) is **GRANTED, in part**. Plaintiff's antitrust claim in Count IV is subject to *Parker* immunity and is **DISMISSED WITH PREJUDICE**. The claims for damages against Defendants under 42 U.S.C. § 1983 in Counts I, II, and III are barred by quasi-judicial immunity and are **DISMISSED WITH PREJUDICE**. The remaining claims for injunctive and declaratory relief are **STAYED** pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In light of the ruling on Defendants' Motion to Dismiss, Plaintiff's Motion for Preliminary Injunction (Doc. No. 44) is **MOOT**.

2.    Since the Court stayed the action under *Younger v. Harris*, final judgment was not entered. Therefore, the order does not qualify as a final decision

Case 3:19-cv-00350   Document 60   Filed 03/30/20   Page 1 of 6 PageID #: 778

under 28 U.S.C. § 1291, a collateral order, or an interlocutory order under 28 U.S.C. § 1292. *Summers v. Leis*, 368 F.3d 881, 889 (6th Cir. 2004).

3.    A district court may direct the entry of final judgment as to one or more but fewer than all of the claims in a case "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court should "balance the needs of the parties against the interests of efficient case management," considering the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 275 (6th Cir. 2019) (quoting *Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994)).

4.    The Court should enter final judgment as to all the dismissed claims because the only matter precluding final judgment is an indefinite stay of the only claims that were not dismissed.

5.    The first factor favors entry of final judgment on the dismissed claims because there is an insignificant relationship between the adjudicated claims and the unadjudicated claims. They are legally distinct (and the antitrust claim is also factually distinct): the dismissed claims were dismissed on grounds that do not apply to the remaining claims, and the remaining claims were stayed on grounds that do not apply to the dismissed claims. State action immunity applies only to

antitrust claims, quasi-judicial immunity applies only to damages claims, *Younger v. Harris* abstention applies only to injunctive relief, *Wooley v. Maynard*, 430 U.S. 705, 710 (1977) (*Younger* precludes federal courts from exercising certain "equitable jurisdiction to enjoin ongoing state prosecutions"), and *Younger v. Harris* abstention can never apply to federal antitrust claims. *See* Opp. Mot. Dismiss at 19–20. Put another way, reversal by the Court of Appeals would not affect this Court's decision on the remaining claims that it stayed.

6.     The second factor favors final judgment because future developments in this Court would not affect the grounds on which the dismissed claims were adjudicated and thus could not be mooted by further proceedings.

7.     Similarly, the third factor favors entry of final judgment on the dismissed claims because their grounds for dismissal do not apply to the remaining injunctive and declaratory relief claims, and thus the Court of Appeals will not have to decide the same legal issues twice.

8.     The fourth factor favors final judgment because there are no claims or counterclaims that could later require set-off of the dismissed claims for which final judgment is sought.

9.     Finally, other considerations also heavily favor entry of final judgment as to the dismissed claims. The case has effectively been terminated but Mr. Manookian's right to appeal on grounds independent from any remaining claims is delayed indefinitely. Moreover, as it must in dismissing a complaint under Rule 12(b)(6), the Court accepted as true that Mr. Manookian has suffered millions of

3

dollars in damages, but that he cannot recover those damages as a matter of law under two immunity doctrines. At the same time, he is not allowed to earn a living until defendants conclude their proceedings, and this Court has abstained from providing relief from those proceedings independent of the merits of the claims (which were not even disputed by defendants). Thus, there is a danger that Mr. Manookian will suffer economic hardship and injustice through delay of entry of final judgment.

10.     For all these reasons, there is no just reason for delay with respect to entry of judgment as to the dismissed claims, as provided in Rule 54(b), Federal Rules of Civil Procedure.

11.     Under Local Rule 7.01, the undersigned submits that he has met and conferred with opposing counsel regarding this motion. Opposing counsel indicated that defendants object to the relief requested in this motion.

## CONCLUSION

For these reasons, Mr. Manookian respectfully requests that this Court find that there is no just reason for delay with respect to entry of judgment as to the claims dismissed with prejudice and enter an order of judgment as to those claims.

Respectfully submitted,

Date: March 30, 2020

*s/ Aaron Gott*
AARON GOTT
Jarod Bona (admitted *pro hac vice*)
David Codell (admitted *pro hac vice*)
Aaron Gott (admitted *pro hac vice*)
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037

4

(858) 964-4589
jarod.bona@bonalawpc.com
david.codell@codell.com
aaron.gott@bonalawpc.com

*Counsel for Plaintiff*

Daniel Horwitz
Tennessee Bar No. 032176
1803 Broadway, Suite #531
Nashville, TN 37203
(615) 739-2888
daniel.a.horwitz@gmail.com

*Local Pro Bono[1] Counsel for Plaintiff*

---

1. Any attorney's fee awarded to Mr. Manookian and earned by Mr. Horwitz shall be donated to the First Amendment Center.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the Motion for Entry of Judgment on Certain Dismissed Claims Under Rule 54(b) was served on the persons listed below by means of this Court's filing system.

Talmage M. Watts
Senior Assistant Attorney General
Attorney General's Office – Tax Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 741-6431 telephone
talmage.watts@ag.tn.gov

*Counsel for Defendants*

Daniel Horwitz
Tennessee Bar No. 032176
1803 Broadway, Suite #531
Nashville, TN 37203
(615) 739-2888
daniel.a.horwitz@gmail.com

*Local Pro Bono Counsel for Plaintiff*

on the 30th day of March 2020.

*s/Aaron Gott*
AARON GOTT