# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRIAN P. MANOOKIAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO:  3:19-cv-0350** |
| | ) | |
| **FLOYD FLIPPIN, in his official and** | ) | **Judge William L. Campbell, Jr.** |
| **individual capacities; DANA DYE, in her** | ) | |
| **official and individual capacities; JOHN** | ) | **Magistrate Judge Alistair E. Newbern** |
| **KITCH, in his official and individual** | ) | |
| **capacities; JOE LOONEY, in his official** | ) | |
| **and individual capacities; ODELL** | ) | |
| **HORTON, JR., in his official and** | ) | |
| **individual capacities; RUTH ELLIS, in** | ) | |
| **her official and individual capacities;** | ) | |
| **JODY PICKINS, in her official and** | ) | |
| **individual capacities; BRIDGET J.** | ) | |
| **WILLHITE, in her official and individual** | ) | |
| **capacities; and JIMMIE MILLER, in her** | ) | |
| **official and individual capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## RESPONSE OF ALL DEFENDANTS
## IN OPPOSITION TO PLAINTIFF'S RULE 54(b) MOTION FOR ENTRY OF
## JUDGMENT ON DISMISSED CLAIMS

All Defendants, for the reasons stated in detail below, oppose Plaintiff's Rule 54(b) Motion

for Entry of Judgment on Certain Dismissed Claims (Doc. 60).  This Court's Order (Doc. 59) was

appealable in its entirety because the stay order effectively put Plaintiff out of court, and the time

for filing a notice of appeal has elapsed.

### Introduction

On February 28, 2020, the Court entered a Memorandum (Doc. 58) and a separate Order

(Doc. 59) granting, in part, Defendants' Motion to Dismiss (Doc. 23).  The Order dismissed with

prejudice Plaintiff's antitrust claim on *Parker* immunity grounds and dismissed all of Plaintiff's 42 U.S.C. § 1983 claims for damages on grounds of quasi-judicial immunity. The Order stayed the remaining claims for injunctive and declaratory relief pursuant to the *Younger v. Harris* abstention doctrine.

On March 30, 2020, the last day to file a notice of appeal under Fed. R. App. P. 4(a)(1)(A), Plaintiff filed a Fed. R. Civ. P. Rule 54(b) Motion for Entry of Judgment (Doc. 60) on the dismissed claims. But a Rule 54(b) motion does not extend the time allowed for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4).

This Court's Order (Doc. 59), including its stay of Plaintiff's claims for injunctive and declaratory relief, is a final, appealable order because it effectively puts Plaintiff out of this Court. Plaintiff can raise, and in some instances already has raised, all of his claims for injunctive and declaratory relief as defenses in the underlying state disciplinary proceedings. Once those claims are adjudicated (or not raised) in the state proceedings, consideration of them here will be barred by res judicata, collateral estoppel, or the *Rooker-Feldman* doctrine. Accordingly, the time allowed for filing a notice of appeal has elapsed, and Plaintiff's Rule 54(b) motion should be denied.

### Law and Argument

Stay orders ordinarily are not appealable, so Plaintiff's damages claims could under some circumstances be the proper subject of a Rule 54(b) motion, and thus appealable separate from the claims stayed under *Younger.* But this is not the case when, as here, the stay order effectively puts the Plaintiff out of court. *See Healthcare Company Ltd. v. Upward Mobility, Inc.*, 784 F.App'x 390 (6th Cir. 2019)(recognizing that a "district court's decision to abstain is a final decision if 'there [will] be no further litigation in the federal forum' because 'the state court's judgment on

the issue [will] be res judicata.'" 784 F.App'x at 792 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983)); *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553 (6th Cir. 2013)(holding that a district court's abstention decision was appealable because after the state court proceedings there would be nothing left for the district court to decide; that is, abstaining was "the practical equivalent of an order dismissing the case." 729 F.3d at 557 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996)); *Clark v. Adams*, 300 F.App'x 344, 351 (6th Cir. 2008)(holding that the district court's decision to abstain under *Younger* was not a final, appealable order because "there [were] clearly issues that remain[ed] to be decided by the federal court after resolution of the state court case." 300 F.App'x at 351); *see also Quackenbush*, 517 U.S. at 712-14 (reviewing history and citing precedents of appealable federal stay or abstention orders that effectively surrender jurisdiction of a federal suit to state court).

     *Younger* abstention does not apply unless Plaintiff has an adequate opportunity to raise constitutional challenges in the underlying state disciplinary proceedings. [Memorandum, Doc. 58, Pg. ID 768] Throughout the Tennessee disciplinary proceedings a respondent attorney may assert statutory and constitutional objections. *See Danner v. Bd. of Prof'l Responsibility*, 277 F.App'x 575, 579 (6th Cir. 2008); *see also Reguli v. Bd. of Prof'l Responsibility*, No. M2014-00158-COA-R3-CV, 2014 WL 5147807 at *3 (Tenn. Ct. App. Sept. 17, 2014) (holding that plaintiff's statutory and constitutional challenges should have been raised as defenses in the Rule 9 disciplinary proceedings). These objections are subject to review by a trial court judge, *see* Rule 9, § 33.1(b), and thereafter by the Tennessee Supreme Court. *See Mabry v. Bd of Prof'l Responsibility*, 458 S.W.3d 900, 903 (Tenn. 2014).

     In the state disciplinary proceedings Mr. Manookian already has raised and received a ruling on both his bias and due process claims and his constitutional challenge to Section 12.3 of

3

Supreme Court Rule 9.  [Doc. 58 at Pg. ID 773-74 and 769 n.7]  More recently, in the  pretrial brief for a trial held before a hearing panel on February 25 through 27, 2020, he also expressly has argued that some of the disciplinary charges were made in retaliation for the exercise of his protected First Amendment rights.  *See* Respondent's Pretrial Brief at pgs. 1-2, 13-14, and 16-17 (copy attached as Exhibit 1).  The hearing panel has not yet ruled, but after it does the losing party may appeal to a trial court judge and then to the Tennessee Supreme Court.  *See* Tennessee Supreme Court Rule 9, § 33.1(b).  It is thus clear that Mr. Manookian's claims for injunctive and declaratory relief can be or already have been raised in the state disciplinary proceedings.[1]  When those proceedings are finally concluded, review here of his now stayed claims will be barred by preclusion principles.

Under the full faith and credit statute, 28 U.S.C. § 1783, a federal court must give a state-court judgment the same preclusive effect that judgment would have in the state court.  *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331-32 (1985); *Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 Fed.Appx. 547, 554 (6th Cir, 2008); *Maiden v. Rozwood*, 215 F.3d 1327 (6th Cir. 2000) ("[I]f the state would accord the judgment preclusive effect, then the federal court must also give the judgment preclusive effect." *Id*.).

In Tennessee the doctrine of claim preclusion, or res judicata, holds that a final judgment on the merits bars a second suit between the same parties or their privies on the same cause of action with respect to all issues, including defenses, that were or could have been litigated in the former suit.  *See Creech v. Addington*, 281 S.W.3d 363, 376-83 (Tenn. 2009); *Jordan v. Johns*, 79

---

[1] Mr. Manookian's implausible allegation that the initial Petition for Temporary Suspension was filed in retaliation for his suit against a state court judge one day earlier, *see* Memorandum, Doc. 58 at pg. ID 759, is an irrelevant distraction.  "The Tennessee Supreme Court, [against which there has been no allegation of bias,  has] specifically found on more than one occasion that Plaintiff posed a threat of substantial harm to the public that justified the temporary suspension of his law license." *Id.* at pg. ID 772.

4

S.W.2d 798, 801-02 (Tenn. 1935). Accordingly, if Mr. Manookian has defenses that he chooses not to raise in the state proceedings, later review of them here will be barred by res judicata.

Collateral estoppel, or issue preclusion, is slightly different. For a specific issue to be precluded, the moving party must demonstrate: (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded. *Mullins v. State,* 294 S.W.3d 529, 535 (Tenn.2009).

At the conclusion of the state proceedings collateral estoppel will thus bar federal consideration any issues considered there. These issues obviously include the unconstitutionality of Section 12.3, both facially and as applied, and the bias of Board panel members. The Supreme Court expressly acknowledged these challenges in its Order Reinstating Temporary Suspension. [Doc. 44-9 at pg. 2] It then denied the motion. *Id.* "Actually litigated" for purposes of issue preclusion means raised, submitted for determination, and necessarily determined for purposes of the judgment. *Mullins*, 294 S.W.3d at 535-36. But it "does not imply that the issue must have been litigated in a full evidentiary and adversarial trial." *Id.* at 536. Mr. Manookian having raised these issues by motion, the Supreme Court had to rule on them in order to reinstate the temporary suspension based upon the authority of Section 12.3 and the Report and Recommendation of the Board panel. [Doc. 44-9 at 2-3]

Mr. Manookian obviously is a party to both this case and the disciplinary proceedings. And the fact that he has raised these issues, and on some of them already has obtained a ruling from the

5

Supreme Court, demonstrates that he had a full and fair opportunity to do so.[2]  Mr. Manookian's claims based upon alleged retaliation for the exercise of his First Amendment rights are presently under consideration by a hearing panel.  If he is dissatisfied with that panel's ruling, he may file an appeal as of right.  Any other claims or issues for which he seeks injunctive and declaratory relief here may be raised in the remaining state disciplinary proceedings.  When rulings on those issues become final, review of them by this Court will be barred by either res judicata, collateral estoppel, or the *Rooker-Feldman* doctrine.[3]  In short, at the conclusion of the state disciplinary proceedings, nothing will remain to be decided by this Court.  This Court's Order of February 28, 2020 was thus a final, appealable order in its entirety.  Plaintiff cannot remedy with a Rule 54(b) motion his failure to have timely filed a notice of appeal.  Accordingly, that motion should be denied.

[The remainder of this page is intentionally blank.]

---

[2] Only the Supreme Court has jurisdiction to determine the facial validity of its rules.  *Long v. Bd. of Prof'l Responsibility of Supreme Court*, 435 S.W.3d 174, 184–85 (Tenn. 2014) (citing *Barger v. Brock,* 535 S.W.2d 337, 342 (Tenn.1976).  It is thus perfectly appropriate that the constitutionality of Section 12.3 issue was raised by motion after the evidentiary hearing conducted by the Board panel.  [*See* Doc. 44-9 at pg. 2]

[3] A federal district court lacks subject matter jurisdiction to review the final orders of state courts.  This is the *Rooker-Feldman* doctrine.  *See Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005); *see also Moncier v. Jones*, 2012 WL 262984 at *3 (holding that review of a final order of the Tennessee Supreme Court issued in disciplinary proceedings under Rule 9 is barred by the *Rooker-Feldman* doctrine).

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Rule 54(b) motion should be denied.

                                     Respectfully Submitted,

                                       HERBERT H. SLATERY III
                                       Attorney General and Reporter

                                __s/Talmage M. Watts____
                                       TALMAGE M. WATTS (#015298)
                                       Senior Assistant Attorney General
                                       Attorney General's Office – Tax Division
                                       P.O. Box 20207
                                       Nashville, TN 37202-0207
                                       (615) 741-6431 telephone
                                       (615) 532-2571 fax
                                       talmage.watts@ag.tn.gov

                                       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Response of All Defendants in Opposition to Plaintiff's Rule 54(b) Motion for Entry of Judgment has been served on the persons listed below by means of this Court's electronic filing system:

| | |
|---|---|
| Daniel Horwitz (#032176) | Jarod Bona |
| 1803 Broadway, Suite #531 | Aaron Gott |
| Nashville, TN 37203 | BONA LAW PC |
| daniel.a.horwitz@gmail.com | 4275 Executive Square, Suite 200 |
| | La Jolla, CA 92037 |
| *Local Pro Bono Counsel for Plaintiff* | jarod.bona@bonalawpc.com |
| | aaron.gott@bonalawpc.com |
| | |
| | *Counsel for Plaintiff* |

on this the 13th day of April 2020.

                                       __s/Talmage M. Watts__
                                       TALMAGE M. WATTS
                                       Senior Assistant Attorney General