IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN P. MANOOKIAN,<br><br>　　　　　　　*Plaintiff*,<br><br>vs.<br><br>FLOYD FLIPPIN et al.,<br><br>　　　　　　　*Defendants*. | Civil Action No. 3:19-cv-00350<br><br>Judge William L. Campbell, Jr. |

**REPLY MEMORANDUM REGARDING MOTION FOR ENTRY OF JUDGMENT ON CERTAIN DISMISSED CLAIMS UNDER FED. R. CIV. P. 54(b)**

Plaintiff Brian P. Manookian hereby replies to defendants' response (Dkt. 61) to plaintiff's motion requesting an order of judgment under Federal Rules of Civil Procedure ("Rule") 54(b). Defendants do not contest any of plaintiff's arguments under Rule 54(b) as to why "there is no just reason for delay" and have therefore waived any such argument. Instead, they contend the Court's order (Dkt. 59) was appealable in its entirety because the stay effectively put plaintiff out of court and, thus, the deadline for appeal has passed. That is incorrect.

**I.　The Court's Order Is Not Appealable in Its Entirety**

Defendants argue this Court's order was appealable as a final order because "the stay order effectively put plaintiff out of court," relying on case law holding that abstention-based stay orders are appealable if a concurrent state-court proceeding would operate automatically by res judicata effectively to end the federal litigation. *See, e.g.*, *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 556 (6th Cir. 2013); Resp. at 2–3. But that argument requires an erroneous assumption: that plaintiff either will lose in the disciplinary proceedings or win in such a way

that this Court would have nothing to adjudicate. That assumption is incorrect. There is a solid possibility that after the disciplinary proceedings conclude, plaintiff will have continuing claims in this Court.

*First*, the state proceedings continue, as this Court's ruling and defendants acknowledge. Dkt. 58 at 12 ("[T]he temporary suspension is part of an underlying disciplinary complaint that is unresolved."); Resp. at 6 (noting that plaintiff's "First Amendment rights are presently under consideration by a hearing panel" and that "[a]ny other claims . . . for which he seeks injunctive and declaratory relief here may be raised in the remaining state disciplinary proceedings").

*Second*, there is a strong possibility that plaintiff will ***prevail*** in those proceedings. Indeed, less than a year ago, the Tennessee Supreme Court granted a petition by plaintiff to dissolve a temporary suspension of his law license that was then in effect, subject to conditions. *S*ee Dkt. 58 at 2. There are several grounds on which plaintiff could prevail. For example, the Tennessee Supreme Court could rule that there was no underlying basis for the complaints against him; could rule on other state-law grounds in his favor; or could rule in his favor on one of his several constitutional claims without reaching his other constitutional claims. If any of those outcomes were to occur, there would still be matters for this Court to adjudicate—namely, whether he is entitled to additional declaratory or injunctive relief based on any constitutional claim that the Tennessee Supreme Court should choose not to reach. A ***victory*** on one or two of those constitutional grounds or on non-constitutional state-law grounds in the state proceedings would not operate necessarily (1) to preclude all claims or issues in federal court, (2) to preclude consideration of remedies that may differ from what the Tennessee Supreme Court may order or

2

have power to order under state law, or (3) to render plaintiff's remaining claims moot.[1] The abstention order does not put plaintiff "out of court." Resp. at 1.

## II. The Order Was Not Set Forth in a Separate Statement

Even if defendants were correct—which they are not—that the order effectively put plaintiff "out of court," they are incorrect in contending that the order was an order subject to a 30-day appeal deadline instead of the 180-day deadline resulting from Federal Rule of Appellate Procedure 4(a)(7)(A)(ii). That rule provides that Rule 58(a)'s requirement that a judgment be set out in a "separate statement" applies to orders that are appealable (with exceptions not applicable here). If an order is not one that is set forth in a "separate statement," as that term has been construed by the federal courts, then the order is not deemed entered until "150 days have run from entry of the judgment or order in the civil docket," and the thirty-day time-limit to notice an appeal runs from that later date. Although this Court's order is a document distinct from the Court's lengthier memorandum, it is not set forth in a separate statement for purposes of Rule 58. The argument that follows is not a criticism of the Court; it is simply an explanation of why the order is not a Rule 58 separate statement.

For an order to constitute a separate statement, the order "should be as minimal as possible to comply with Rule 58's requirements"—that is, stating who prevailed and what relief is ordered—"and should include little more." *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 245 (3d Cir. 2006), as amended (Aug. 30, 2006); *see Otis v. City of Chi.*, 29 F.3d 1159, 1163 (7th Cir. 1994) (en banc) ("[T]he district court should have entered a judgment . . . stating something like: 'The suit is dismissed with prejudice, and plaintiff shall take nothing by her complaint.' ").

---

1. *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 661–62 (1993) ("[A] defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." (citation omitted)).

Rule 58 "must be mechanically applied in order to avoid . . . uncertainties as to the date on which a judgment is entered." *United States v. Indrelunas*, 411 U.S. 216, 221–22 (1973). Further, Rule 58 "should be interpreted to prevent loss of the right of appeal, not to facilitate loss." *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 386 (1978). The order does not resemble a separate statement.

*First*, the order begins with a full paragraph that both (1) lists five different filings before the Court and (2) recites part of the procedural history of the case:

> Before the Court is Defendants' Motion to Dismiss. (Doc. No. 23). Plaintiff filed a Response (Doc. No. 28), Defendants filed a Reply (Doc. No. 31), and Plaintiff filed a Sur-Reply (Doc. No. 37-1). Also pending before the Court is Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction. (Doc. No. 44). Defendants filed a Response (Doc. No. 49) and Plaintiff filed a Reply (Doc. No. 56). The Court previously denied Plaintiff's motion for a temporary restraining order. (Doc. No. 47).

Dkt. 59 at 1. In addition, the second paragraph concludes by reciting another ruling not relevant to any judgment that might be entered: "In light of the ruling on Defendants' Motion to Dismiss, Plaintiff's Motion for Preliminary Injunction (Doc. No. 44) is MOOT." *Id*. Including such information about the parties' filings and the rulings of the Court on motions not relevant to a final judgment indicates that the order is not a separate statement under Rule 58.

In *Hyland v. Liberty Mutual Fire Insurance Co.*, 885 F.3d 482 (7th Cir. 2018), the judgment stated that one party's summary judgment motion had been "GRANTED in full" and that the other party's motion for partial summary judgment was "DENIED." *Id.* at 483. Among other criticisms, the Seventh Circuit stressed that "[j]udgments **must not** recite the pleadings and other papers that led to the decision." *Id.* at 483 (emphasis added); *id.* ("[T]his judgment omits what must be included and includes what **must be omitted**" (emphasis added).). The recitation of filings and other rulings are inconsistent with the order being a Rule 58 separate statement.

*Second*, the order states the legal bases for the judgment. Rather than simply state who won and what relief was ordered, the order—as is typical for an ordinary order, but not for a separate statement—repeatedly states legal bases for its rulings, albeit briefly. *See* Dkt. 60 at 1 (reciting that "Count IV is **subject to Parker immunity**"; that the damages claims in "Counts I, II, and III are **barred by quasi-judicial immunity**"; and that "the remaining claims for injunctive and declaratory relief are STAYED **pursuant to Younger v. Harris**" (emphases added)). However, "[t]o satisfy the separate-document requirement, a judgment must be a self-contained document . . . stating who has won and what relief has been awarded, **but omitting the reasons for the disposition** (which should appear in the court's opinion)." 19 Moore's Federal Practice - Civil § 201.10 (2020) (quoting *Otis*, 29 F.3d at 1163 (emphasis added)).

*Third*, the final paragraph states "the Clerk is directed to administratively close the file, **subject to reopening upon motion by either party**." Dkt. 59 at 2 (emphasis added). That type of statement does not appear in a separate statement, given that **"**Rule 58 is designed to produce a distinct indication that the case is at an end." *Otis*, 29 F.3d at 1163; *see also Reid v. White Motor Corp.*, 886 F.2d 1462, 1466–67 (6th Cir. 1989) ("[W]here the failure to comply with the separate document rule has created confusion which sabotages appellate jurisdiction, the separate document requirement should continue to be mechanically applied.").

Plaintiff reasonably and correctly determined that the order is not a separate statement under Rule 58 and therefore filed this motion in order to be able to appeal. Plaintiff respectfully requests that this Court enter an order of judgment as to the dismissed claims.[2]

---

2. If the Court is not inclined to grant the motion, and if, contrary to plaintiff's arguments in Section I of this reply, the Court agrees with defendants' contention that the order's terms would put plaintiff out of court, the Court would have authority under Rule 54(b) to enter an order satisfying Rule 58's separate statement requirement.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: April 20, 2020 | s/ Aaron Gott<br>AARON GOTT |
| Daniel Horwitz<br>Tennessee Bar No. 032176<br>1803 Broadway, Suite #531<br>Nashville, Tennessee 37203<br>(615) 739-2888<br>daniel.a.horwitz@gmail.com<br><br>*Local Pro Bono Counsel for Plaintiff*<br><br>(Any attorney's fee awarded to plaintiff and earned by Mr. Horwitz shall be donated to the First Amendment Center.) | Jarod Bona (admitted *pro hac vice*)<br>David Codell (admitted *pro hac vice*)<br>Aaron Gott (admitted *pro hac vice*)<br>BONA LAW PC<br>4275 Executive Square, Suite 200<br>La Jolla, California 92037<br>(858) 964-4589<br>jarod.bona@bonalawpc.com<br>david.codell@codell.com<br>aaron.gott@bonalawpc.com<br><br>*Counsel for Plaintiff* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the Reply Memorandum Regarding Motion for Entry of Judgment on Certain Dismissed Claims Under Fed. R. Civ. P. 54(b) was served on the persons listed below by means of this Court's filing system on the 20th day of April 2020.

| | |
|---|---|
| Talmage M. Watts<br>Senior Assistant Attorney General<br>Attorney General's Office – Tax Division<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>(615) 741-6431 telephone<br>talmage.watts@ag.tn.gov<br><br>*Counsel for Defendants* | Daniel Horwitz<br>Tennessee Bar No. 032176<br>1803 Broadway, Suite #531<br>Nashville, TN 37203<br>(615) 739-2888<br>daniel.a.horwitz@gmail.com<br><br>*Local Pro Bono Counsel for Plaintiff* |

                                                  *s/Aaron Gott*
                                                  AARON GOTT