**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: January 05, 2021

Mr. David C. Codell
Bona Law
4275 Executive Square
Suite 200
La Jolla, CA 92037

Mr. Jonathan Neil Wike
Office of the Attorney General
of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Re: Case No. 20-5979, *Brian Manookian v. Floyd Flippin, et al*
Originating Case No.: 3:19-cv-00350

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Sharday S. Swain
Case Manager
Direct Dial No. 513-564-7027

cc:  Ms. Lynda M. Hill

Enclosure

No mandate to issue

No. 20-5979

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 05, 2021
DEBORAH S. HUNT, Clerk

BRIAN MANOOKIAN,  )
                 )
    Plaintiff-Appellant,  )
                 )
v.               )    O R D E R
                 )
FLOYD S. FLIPPIN, in his official and individual  )
capacities, et al.,  )
                 )
    Defendants-Appellees.  )

Before: SUHRHEINRICH, GILMAN, and LARSEN, Circuit Judges.

Plaintiff Brian Manookian appeals the district court's memorandum opinion of February 28, 2020, granting in part a motion to dismiss, staying his remaining claims seeking equitable relief under *Younger v. Harris*, 401 U.S. 37 (1971), and denying as moot his motion for a preliminary injunction. The clerk ordered Manookian to show cause why his appeal should not be dismissed as untimely. Manookian responds that, although his appeal is timely, dismissal is appropriate because he appeals a non-final, non-appealable order. Defendants—all attorneys and members of the Board of Professional Responsibility of the Tennessee Supreme Court—reply that the appeal is untimely and must be dismissed.

Although Manookian asserts otherwise, the district court's memorandum opinion was final and appealable. A final decision is one "that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Firestone Tire & Rubber Co. v. Risjord*,

449 U.S. 368, 373 (1981) (internal quotation marks and citation omitted). In the absence of a final order, we generally lack jurisdiction over an appeal. *See Marvin v. City of Taylor*, 509 F.3d 234, 251 (6th Cir. 2007). Although "a stay is not ordinarily a final decision" under § 1291, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n.11 (1983), it may be "final for purposes of appellate jurisdiction" if it puts a litigant "effectively out of court." *Id.* at 9−10; *see also Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715 n.2 (1962) (per curiam). Such is the case where "the district court would be bound, as a matter of res judicata, to honor the state court's judgment" on any stayed claims. *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 556 (6th Cir. 2013) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996)).

Here, there is no dispute that Manookian may assert the only remaining claims—constitutional claims seeking injunctive and declaratory relief—in the ongoing Tennessee state proceedings. *See* Tenn. Sup. Ct. R. 9, § 1.3; *Danner v. Bd. of Prof'l Resp. of the Tenn. Sup. Ct.*, 277 F. App'x 575, 579 (6th Cir. 2008). Manookian would, therefore, be precluded from litigating them in the district court. *See Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009); *see also Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Accordingly, the district court's stay under *Younger* "is effectively a final decision and . . . the district court order is final for purposes of appellate review." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (citing *Moses H. Cone*, 460 U.S. at 10 n.11).

In a civil case, subject to exceptions not applicable here, a notice of appeal must be filed within thirty days after entry of the order or judgment appealed from. Fed. R. App. P. 4(a)(1)(A). For appeals from the grant of summary judgment, this thirty-day period begins to run from the date a separate judgment is entered on the docket or, if a separate judgment is not

entered, 150 days after entry of the order or judgment. *See* Fed. R. App. P. 4(a)(7)(A)(i)−(ii); Fed. R. Civ. P. 58(a)(1)−(5).

The issue in this case thus becomes whether the district court's order, entered on the same day as its memorandum opinion, qualifies as a judgment. "[T]o satisfy the separate document requirement, a judgment must, generally speaking, be a self-contained document, saying who has won and what relief has been awarded, but omitting the reason for the disposition, which should appear in the court's opinion." *Local Union No. 1992 of Int'l Bhd. Of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 284 (3d Cir. 2004) (internal quotation marks and citation omitted). "[T]he separate judgment should be as minimal as possible to comply with Rule 58's requirements" because "minimal judgments make clear when the time to appeal is at hand." *In re Cendant Corp. Sec. Litig.*, 454 F.3d 235, 245 (3d Cir. 2006); *Okonite Co.*, 358 F.3d at 284; *see also Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 386 (1978) (per curiam) ("Technical application of the separate-judgment requirement is necessary in that context to avoid the uncertainties that once plagued the determination of when an appeal must be brought."). Further, Rule 58 "should be interpreted to prevent the loss of the right of appeal, not to facilitate loss." *Mallis*, 435 U.S. at 386 (citation omitted).

Here, the district court's seventeen-page memorandum set out the facts, claims, and legal analysis in depth. The accompanying two-page order set out only the motions and responses thereto, and brief rulings on each. The order has a separate caption, and it is separately paginated from the memorandum opinion. The district court judge separately signed the final page of each, each is separately file stamped, and the clerk of court docketed them as separate, discrete documents. The district court's succinct outline of the relief granted omits its reasoning except for a brief bit of conclusory analysis and, thus, does not run afoul of the separate-document

requirement. *See Kidd v. Dist. of Columbia*, 206 F.3d 35, 39 (D.C. Cir. 2000). Its denomination as an "order" rather than a "judgment" does not upend the separate-document requirement. *See Okonite Co.*, 358 F.3d at 285−86; *United States v. Johnson*, 254 F.3d 279, 285 n.7 (D.C. Cir. 2001); *Beaudry Motor Co. v. Abko Props., Inc.*, 780 F.2d 751, 754−55 (9th Cir. 1986); *see also* Fed. R. Civ. P. 54(a) (defining a "judgment" as "includ[ing] a decree and any order from which an appeal lies"); Fed. R. App. P. 4(a)(7) (providing that a "judgment or order is entered for purposes of . . . Rule 4(a)" when it is entered in compliance with Rules 58 and 79(a)). Because the district court's order was sufficient to constitute a separate judgment, the time to file a notice of appeal began to run when it was filed. Manookian's notice of appeal, filed 177 days later on August 24, 2020, is untimely.

The appeal is therefore **DISMISSED** as untimely.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk